# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW NORDLOH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 07-CV-4741 |
| ) | |
| TUSCHALL ENGINEERING ) | Judge Robert M. Dow, Jr. |
| COMPANY, INC. DEFINED BENEFIT ) | |
| PENSION PLAN AND TRUST, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss Count III of Plaintiff's second amended complaint [48]. Defendants Tuschall Engineering Company, Inc. Defined Benefit Pension Plan and Trust ("TEC Plan"), Tuschall Engineering Company, Inc. ("TEC"), and James Tuschall argue that Count III should be dismissed because Plaintiff Matthew Nordloh has failed to state a cognizable claim under Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"). For the following reasons, the Court denies Defendants' motion.

### I.    Background

On October 23, 2007, Plaintiff Matthew Nordloh filed his second amended complaint. In Count I, Plaintiff contends that Defendants violated 29 U.S.C. §§ 1024 and 1025 by failing to provide Plaintiff with certain notices and reports that are required under ERISA. In Count II, Plaintiff claims that he is entitled to recover certain benefits under his pension plan pursuant to 29 U.S.C. § 1132. Finally, in Count III, Plaintiff asserts that Defendants unlawfully interfered with Plaintiff's rights in violation of Section 510 of ERISA, 29 U.S.C. § 1140.

In Count III, Plaintiff alleges that he worked as a salesman for TEC until he was terminated on January 3, 2006. According to Plaintiff, he qualified as a beneficiary and participant of the TEC Plan, and he was one of only a few actively employed participants in the TEC Plan. In 2004 and 2005, Plaintiff was entitled to receive contributions into the Plan's fund based on his level of compensation received from TEC. According to the complaint, Plaintiff's pension benefits would increase incrementally based upon the worth of the contracts that Plaintiff procured. Plaintiff alleges that during 2005, he procured contracts in excess of three million dollars, greatly increasing the amount of contribution that TEC was required to pay into the TEC Plan fund on Plaintiff's behalf. Plaintiff contends that Defendants, motivated by a desire to prevent Plaintiff's attainment of TEC Plan benefits and Defendant's corresponding obligation to further fund the Plan on Plaintiff's behalf, terminated Plaintiff on January 3, 2006. According to Plaintiff, the termination at that time served to prevent Plaintiff's receipt of sizable commissions earned by him which would have materialized into a substantial amount of TEC Plan benefit funding.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### B. Section 510 of ERISA

Section 510 of ERISA, 29 U.S.C. § 1140, "Interference with Protected Rights," protects participants and beneficiaries from dismissal and other adverse employment actions taken to discourage or prevent them from gaining or asserting rights under an employee benefit plan. It provides in relevant part as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

The clear language of the statute prohibits interference with the attainment of pension rights, such as benefits, to which a participant eventually may become entitled. See *Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990); *Healy v. Axelrod Const. Co. Defined Ben. Pension Plan & Trust*, 787 F. Supp. 838, 845 (N.D. Ill. 1992). To recover under Section 510, Plaintiff must demonstrate that (1) he is a member of an ERISA plan; (2) he was qualified for the position; and (3) he was discharged under circumstances that provide some basis

3

for believing that his employer intended to deprive him of benefits. See *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 943 (7th Cir. 2007).

Defendants' primary argument is that Count III deals with the alleged interference of non-ERISA rights, not rights arising pursuant to ERISA, and that Section 510 therefore does not provide a remedy. In particular, Defendants contend that because Plaintiff's claim is tied to the amount that he received in commissions from the contracts that he procured, any alleged interference arises out of Plaintiff's employment agreement, not the Plan. And if Plaintiff's claim does not arise out of an ERISA plan, then Plaintiff does not have a Section 510 claim.

The problem with Defendants' argument is that the Court has no basis for assessing it at this early stage of the case. Plaintiff has adequately alleged all of the requisite elements of a Section 510 claim.[1] To begin with, Plaintiff has alleged that he was a member of an ERISA pension plan and that TEC was the plan sponsor, administrator, and Plaintiff's employer until he was terminated on January 3, 2006. In addition, Plaintiff alleges that he was performing well for TEC by procuring sizeable contracts (in excess of $2.8 million) during 2005. Finally, Plaintiff clearly asserts that the motivating factor behind Defendant's termination of Plaintiff's employment was Defendants' desire to prevent Plaintiff from "attaining additional pension benefits." Compl. ¶ 13.C; see also *id*. (alleging that Defendant was "motivated to prevent [Plaintiff's] attainment of PLAN benefits and the obligation to further fund the plan for [Plaintiff]"). Even a mixed motive – firing Plaintiff to avoid paying out sizeable commissions *and* to avoid substantial plan funding on Plaintiff's behalf – may be actionable. See *Garratt v. Walker*, 164 F.3d 1249, 1256 (10th Cir. 1998) ("The employee is not required to show that the

---

[1] Plaintiff stresses that he "neither claims commissions [n]or alleges that the commission plan is governed by ERISA." Pl. Br. at 4. Plaintiff further notes that he has filed a state law lawsuit for commissions and only seeks to enforce his rights under the Plan in this action. Compl. ¶ 13.F.

4

employer's sole motivation was to interfere with employee benefits, [he] need only show that it was a motivating factor").

The only thing that is not clear from the complaint is whether Plaintiff's right to those additional "pension benefits" – the benefits that were based on the amount of commissions he earned – arose out of the TEC Plan or out of Plaintiff's employment agreement. The term "employee benefit plan," as defined by the statute, broadly includes any plan, fund or program maintained for the purpose of providing employees with a wide spectrum of benefits such as pension, medical, accident, disability, death, unemployment, or vacation benefits. 29 U.S.C. § 1002(1). Wages and salary compensation are not included in this definition. If the employment agreement provides for the increased funding of the Plan, and the Plan does not reference it, then it might be difficult for Plaintiff to demonstrate that Defendants have interfered with his right to the additional funding "under the provisions of an employee benefit plan." 29 U.S.C. § 1140. However, if the TEC Plan lays out the relationship between an employee's commissions and establishes the employer's duty to fund the Plan based on those commissions, then it would appear that Plaintiff's right to those additional benefits does arise, at least in part, "under the plan." *Id*.

It would be premature to consider these issues at the motion to dismiss stage, without the benefit of either Plaintiff's employment contract or the TEC Plan. It is conceivable that the Court could have considered either or both documents had either party provided them as attachments to their pleadings or briefs.[2] In *Wharton v. Duke Realty, LLP*, 467 F. Supp. 2d 381,

---

[2] Typically courts are confined to the complaint on a 12(b)(6) motion. See *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). Otherwise, the 12(b)(6) motion should be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. See Fed. R. Civ. Pro. 12(b); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). However, Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." From that rule, the Seventh Circuit has recognized that a narrow

387 (S.D.N.Y. 2006), a case on which Defendants rely, the parties did provide to the Court both the "Benefits Agreement" and the "Employment Agreement" at issue and agreed that both documents were "properly deemed part of the complaint" for purposes of the motion to dismiss, because the documents were "quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." But neither party has provided any such documents in this case. Nor is the Court aware of any requirement, consistent with Rule 8, that Plaintiff have done so in order to state a claim. Going beyond the pleadings to consider documents that are quoted or to which reference is made in a complaint is permissible, but not mandatory, in presenting and resolving a motion to dismiss. See *Venture*, 987 F.2d at 931 (quoting *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991) ("'A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.'"); see also *Stern v. James H. Anderson, Inc.*, 1995 WL 609329, at *3 (stating that Rule 10(c) is "permissive in nature"). Because the Court must rule on Defendant's motion on the current state of the record, viewing Plaintiff's allegations in the light most favorable to him and drawing all reasonable inferences in Plaintiff's favor, the Court sees no basis upon which dismissal of Plaintiff's Section 510 claim is appropriate at this time.

---

exception to the general prohibition against considering extraneous materials exists in ruling on a motion to dismiss. Specifically, the Seventh Circuit has held that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff[s'] complaint and are central to [their] claim." *Venture*, 987 F.2d at 431; see also *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "The purpose of the exception is to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citations omitted). Under the exception, the Seventh Circuit has, on several occasions, affirmed the district court's consideration of extraneous materials not attached to a complaint, but tendered to the court by the defendant, where a claim arises from a contract or other written agreement between the parties. See *Venture*, 987 F.2d at 431-432; *Wright*, 29 F.3d at 1248.

**III.     Conclusion**

For the foregoing reasons, the Court denies Defendants' motion to dismiss Count III of Plaintiff's second amended complaint [48] and directs Defendants to file an answer to Plaintiff's second amended complaint.

Dated:  September 4, 2008     _____
                                Robert M. Dow, Jr.
                                United States District Judge